Eric A. LaGuardia (SBN 272791)
LAGUARDIA LAW
1455 Kettner Blvd, Suite 214
San Diego, CA 92101
Telephone: (619) 655-4322
Facsimile: (619) 655-4344

Attorney for Plaintiff,
Carrie Turnette

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carrie Turnette, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Fulton, Friedman, & Gullace, LLP<br><br>　　　　　Defendant. | Case No.:  '11CV2617 JAH  BLM<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); and the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Because Defendant does business within the State of California, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

6. Plaintiff CARRIE TURNETTE is a natural person residing in the State of California.

7. Defendant FULTON, FRIEDMAN, AND GULLACE is a company doing business collecting debts in California operating from an address at 500 FIRST FEDERAL PLAZA, ROCHESTER, NEW YORK, 14614.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

10. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

11. The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

13. The purported debt which Defendant attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code 1788.2(f).

## FACTUAL ALLEGATIONS

14. On or about October 10, 2011, Plaintiff received a letter from Defendant. This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

15. Nowhere within the letter dated October 3, 2011, and at no point within 5 days of this initial communication by Defendant, or at any time to date, did the Defendant provide written notice in compliance with 15 U.S.C. 1692(g).

16. Because this omission violated the language in 15 U.S.C. § 1692g, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

17. The letter's heading states, "RE: ASSET ACCEPTANCE vs. BEST BUY/HSBC RETAIL SERVICE" and "NOTICE OF INTENTION TO INCUR COURT COSTS AND LEGAL FEES BY FILING SUIT"

18. By including the above language, Defendant threatened to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. 1692e(5).

19. By including the above language, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

20. Because Defendant violated the language in 15 U.S.C. § 1692e, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692e.

21. The body of the letter begins:

"Our client has authorized our firm to proceed with a lawsuit in order to obtain payment of the above referenced amount.  We intend to ask the court on behalf of our client, for an award of court costs and disbursements incurred and, in those cases where it is factually and legally appropriate, an award of reasonable attorney's fees incurred.  We intend that this be a notice in compliance with the Code of Civil Procedure Section 1033(b)(2) in those cases where that section may be applicable."

22. By including the above language, Defendant threatened to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. 1692e(5).

23. By including the above language, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

24. Because Defendant violated the language in 15 U.S.C. § 1692e, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692e.

25. The letter goes on to state:

"You are hereby notified that , unless payment or satisfactory arrangements for payment are made with our office no later than five (5) days from the date of this letter, a suit will be filed within the proper venue and court within California to enforce this debt. In filing suit, our client will incur both court costs and necessary disbursements, and attorney's fees."

26. By including the above language, Defendant threatened to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. 1692e(5).

27. By including the above language, Defendant engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

28. By stating that the Plaintiff had to pay the alleged debt within five days from the date of the letter, which arrived several days after the date on the letter, the Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692f.

29. Because Defendant violated the language in 15 U.S.C. §§ 1692e and f, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. §§ 1692e and f.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

31. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

# COUNT II

**ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

33. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

34. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

    • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

LAGUARDIA LAW

Dated:  November 9, 2011         By:   s/Eric A. LaGuardia
                                       ERIC A. LAGUARDIA
                                       Attorney for Plaintiff,
                                       Carrie Turnette