UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE TURNETTE,<br><br>    Plaintiff,<br>v.<br><br>FULTON, FRIEDMAN & GULLACE, LLP,<br><br>    Defendant. | Civil No. 11cv2617 JAH(BLM)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [DOC. # 18] AND VACATING HEARING DATE** |

## **INTRODUCTION**

Pending before the Court is plaintiff's motion for leave to file a first amended complaint. Defendant filed a notice of non-opposition to the motion. After a review of the motion papers, the Court GRANTS plaintiff's motion.

## **BACKGROUND**

Plaintiff Carrie Turnette ("plaintiff") filed the instant complaint on November 9, 2011, alleging two causes of action against defendant Fulton, Friedman & Gullace, LLP ("defendant") based on claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Rosenthal Fair Debt Collections Practice Act ("Rosenthal Act"), Cal. Civil Code §§ 1788-1788.32. Defendant filed an answer to the complaint on February 3, 2012. A case management conference was held on April 9, 2012, after which a scheduling order was issued setting forth deadlines for pretrial proceedings, including a final pretrial conference set for April 15, 2013.

Plaintiff timely filed her motion for leave to file a first amended complaint on April 26, 2012. Defendant filed its notice of non-opposition to the motion on June 4, 2012.

## DISCUSSION

**1.  Legal Standard**

Plaintiff moves to amend her complaint pursuant to Federal Rule of Civil Procedure 15. The filing of an amended complaint or counter-claim after a responsive pleading has been filed may be allowed by leave of court. FED.R.CIV.P. 15(a). Rule 15(a) provides a party the right to amend:

> once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

However, even though leave to amend is generally granted freely, it is not granted automatically. See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment

of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. *See* Forsyth v. Humana, 114 F.3d 1467, 1482 (9th Cir. 1997); DCD Programs, 833 F.2d at 186; *see also* Foman v. Davis, 371 U.S. 178, 182 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. *See* DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

Once a pretrial scheduling order has issued pursuant to Federal Rule of Civil Procedure 16(b), however, a party must show "good cause" to amend its pleadings. United States v. Dang, 488 F.3d 1135, 1142 (9th Cir. 2007); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." Johnson, 975 F.2d at 609 (internal quotations omitted). Lack of prejudice to the non-movant does not constitute "good cause." *See* Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (explaining that prejudice to the non-movant, "although not required under Rule 16(b), supplies an additional reason for denying the motion"). Unlike Rule 15's liberal amendment policy, Rule 16's "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609; *see also* Coleman, 232 F.3d at 1294. A court must consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations omitted). Where a movant "[has] failed to show diligence, 'the inquiry should end.'" Coleman, 232 F.3d at 1294 (quoting Johnson, 975 F.2d at 609).

//
//
//

2. **Analysis**

Plaintiff seeks to amend her complaint to add class claims as well as a claim for declaratory relief based on actions taken by defendant since the filing of the original complaint. Defendant does not oppose plaintiff's proposed amendment. This case is in its infancy and, therefore the proposed amendment does not appear to prejudice defendant. Additionally, there is no evidence the motion was brought in bad faith or will cause undue delay. Finally, because plaintiff's proposed amendment is based upon actions taken by defendant since the filing of the original complaint, plaintiff has shown she could not have known the facts and theories raised by the amendment in order to present them in the original pleading. AmerisourceBergen, 465 F.3d at 953. Thus, this Court finds plaintiff has shown good cause for the amendment as required by Rule 16. Accordingly, the Court finds no valid reason to deny plaintiff leave to amend.

## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint [doc. # 18] is **GRANTED**;

2. Plaintiff shall file and serve her first amended complaint **no later than June 29, 2012**; and

3. The date of June 18, 2012 set for hearing plaintiff's motion is **VACATED**.

Dated:     June 5, 2012

JOHN A. HOUSTON
United States District Judge