Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA  92104
Telephone:  (619) 655-4322
Facsimile:  (619) 655-4344
Email:  eal@laguardialaw.com

Craig M. Nicholas (SBN 178444)
Alex M. Tomasevic (SBN 245598)
Mei-Ying M. Imanaka (SBN 280472)
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@ nicholaslaw.org
Email: mimanaka@ nicholaslaw.org

Attorneys for Plaintiff,
Carrie Turnette

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carrie Turnette, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Fulton, Friedman, & Gullace, LLP<br><br>Defendant. | **Case No.:** 11cv2617 JAH BLM<br><br>**DECLARATION OF CRAIG M. NICHOLAS IN SUPPORT OF MOTION FOR PARTIAL REIMBURSEMENT OF ATTORNEY'S FEES AND COSTS INCURRED AND FOR INCENTIVE AWARD TO CLASS REPRESENTATIVE**<br><br>Judge:       Hon. John A. Houston<br>Magistrate: Hon. Barbara Lynn Major<br><br><u>Final Approval Hearing:</u><br>Date: March 30, 2015<br>Time: 2:30 p.m.<br>Courtroom: 13B |

I, Craig M. Nicholas, declare:

1. I am an attorney at law duly licensed to practice before all of the Superior Courts of the State of California, the United States District Courts for the Eastern, Central, Southern, and Northern Districts of California; the Ninth Circuit Court of Appeals; and the United States Supreme Court. I am the founding partner with the law firm of Nicholas & Tomasevic, LLP ("N&T"), and counsel of record for Carrie Turnette.

2. I have personal knowledge of the facts contained in this declaration and can testify competently thereto if called as a witness.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Class Action Settlement Agreement and Mutual Release ("Agreement") fully executed by Plaintiff and Defendant (collectively referred to herein as "the Parties") on October 22, 2014, a copy of which was filed with the Court on October 23, 2014 (Doc.99-1).

4. Attached as **Exhibit B** is a true and correct printed copy of the full PACER docket for this case for the Court's reference.

5. The litigation of this contested matter has been extensive. The complaint was filed back on November 9, 2011. Doc. 1. Since that time the parties engaged in a thorough investigation into the facts of this class action, have exchanged multiple rounds of written discovery including multiple rounds of Interrogatories, Requests for Production of Documents, and Requests for Admissions. We served multiple subpoenas. We defended or took several depositions in Arizona, Michigan, and California, including the deposition of named and founding FFG Partner, Alan Friedman. We also researched and drafted a successful motion for class certification and we successfully defended Defendant's motion for summary judgment after a round of regular briefing and a round of supplemental briefing. The parties mediated, paying for an experienced

and well-respected private mediator.  Ultimately, the case settled, but not until after discovery closed.

6. As part of the settlement, all class counsel (including our co-counsel) have agreed to seek only a total of $133,000 as reimbursement for all fees and costs, which we respectfully request in this motion.

7. As the founding Partner of Nicholas & Tomasevic, LLP (formerly Nicholas & Butler, LLP, which was the firm name at the inception of this case), I established and am familiar with the billing practices of the firm.  Our policy is to only bill time actually spent on a matter and to avoid cumulative, duplicative, or irrelevant work on a file.  I have always followed this policy, in this case and others, and have instructed all other attorneys in the firm to do the same, including all of the attorneys that have worked on this file.

8. All class counsel spent 907.88 hours of time working on the case. My firm spent 634.2 hours and I am informed that my co-counsel, Eric LaGuardia, Esq., spent a total of 273.68 hours.  *See also* Accompanying Declaration of E. LaGuardia.  Those hours do *not* include all of the hours on this motion and the motion for final approval (or the time that will be spent at and preparing for the hearing).  Also *not* included is the time Class Counsel will have to spend monitoring FFG's future collection efforts for compliance, as we committed to doing under Section III, ¶ 2 of the Agreement.  N&T had to forego well-compensated work on other hourly cases at the same rate and other contingent cases so as to devote the necessary time and resources to this case. This litigation precluded other more lucrative employment which warrants approval of the attorneys' fees.

9. I have reviewed all of our billing records and time entries for this case. Our billing rates for this case, and the time spent, are as follows:

    a. Craig Nicholas, Founding Partner: $500/hr (8.2 hours)
    b. Alex Tomasevic, Partner[1]: $350/hr (181.55 hours)
    c. Associate Attorneys: $350/hr (405 hours)
    d. Law Clerk: $165/hr (6.47 hours)
    e. Paralegals: $125/hr (32.98 hours)

10. My firm has also advanced costs in this matter amounting to $10,697.81, the vast majority of which are deposition transcript costs and PACER/filing fees. I am informed that co-counsel Eric LaGuardia has himself advanced an additional $1,882.44 in costs, for total costs expended by all Plaintiffs' Counsel of $12,580.25. *See also* Accompanying Declaration of E. LaGuardia.

11. If we tally my firm's rates and hours listed in paragraph 9 above ($214,585.28), and we add what Eric LaGuardia attests he also incurred in the way of fees ($102,630 per his accompanying Declaration), and if we then add the total costs from paragraph 10 above ($12,580.25), you would get a total base lodestar, plus costs, of $329,795.53.

12. But in accordance with the Agreement, Class Counsel seeks reimbursement not of the full amount of fees and costs incurred, but rather, $133,000 total (a discount of almost 60%). $12,580.25 of that will go to costs, leaving $120,419.75 to be divvied up among all counsel for fees. Class Counsel have agreed, furthermore, to accept partial payments over time stretched out over two years. *See* Ex. A, Settlement Agreement at p.6, ¶ 3.

---

[1] At the inception of the case, Mr. Tomasevic was an Associate. Although I believe raising his hourly rate on the case after he became a partner would have been justified, we elected not to.

3
DECLARATION OF CRAIG M. NICHOLAS

11cv2617 JAH BLM

1  13. In short, we are only asking to be reimbursed at a blended rate of about $132.64/hr., which I understand is far below typical rates in San Diego for plaintiffs contingency class action work. The ultimate blended rate is so low, I believe little needs to be said to support its "reasonableness" in this legal community. However, I respectfully offer the next few paragraphs as a description of mine and my firm's experience in class action matters, which has historically commanded much higher rates.

14. My firm has experience handling Class Action settlements, and consumer class actions in particular. Additionally, my firm has certified a number of consumer class actions in California Courts.

15. My firm, including Alex Tomasevic and all of the other attorney billers on this file, have extensive experience with class action litigation and the prosecution of class cases constitutes half or more of the work we perform. I am the founding partner of Nicholas & Tomasevic (formerly Nicholas & Butler ("N&B")) and have been in practice as a class action and civil litigation attorney since 1995.

16. N&T has filed and prosecuted many class-action cases. The class action experience includes, but is not limited to, certification of class action cases for purposes of trial and for settlement in a variety of contexts, including unfair competition, false advertising, and wage and hour litigation. We have played a leading role in shaping class action law by obtaining Ninth Circuit decisions affirming that class action waivers contained in consumer contracts are void as unconscionable under California law, which have been followed and cited throughout the country.

17. For example, in *Laster v. T-Mobile, et al.*, United States District, Southern District of California, we litigated whether arbitration provisions in consumer contracts are unconscionable as a result of a class action waiver

4
DECLARATION OF CRAIG M. NICHOLAS

11cv2617 JAH BLM

provision. Through the *Laster* action, we successfully argued both before the United States District Court and at the Ninth Circuit Court of Appeal that the waiver of class action rights is unconscionable under California law. N&B participated in the drafting of a United States Supreme Court certification petition opposition, requesting that the Supreme Court deny certification. We prevailed on the certification issue at the United States Supreme Court.

18. In a related United States District Court action known as *Concepcion v. AT&T*, also a consumer class action, N&B participated in the successful defeat of a "second generation" arbitration provision which denies class action rights but includes additional provisions that the cell phone carrier argued were not unconscionable. Again, N&B was successful both at the District Court and Ninth Circuit Court of Appeal in confirming the unconscionability of the arbitration clause. The *Concepcion* decision by the Ninth Circuit was challenged by another United States Supreme Court certification petition and various attorneys at N&T, including myself, participated in the opposition to that certification petition, the briefing of the merits once the U.S. Supreme Court took it up.

19. As another example, we obtained class certification and appointment of lead class action counsel in *Loera v. Akal*, a large employment case. This case settled after the first phase of trial and the class was ultimately awarded damages just under ten million dollars.

20. N&B's successful representation of California consumers in the class action context also includes *Cohen v. Robert Bosch Tools*. In that action, we achieved a settlement common fund of $5 million based on unfair competition and false advertising by the defendant.

21. Another false advertising class action case where N&B obtained relief that benefited California consumers was in *Nava v. Home Carpet Investment*.

22. In the case of *Maxwell v. Toys R Us*, we successfully moved for an order certifying a class of millions of California Toys R Us and Babies R Us customers under causes of action for Unfair Competition, violation of the Consumer Legal Remedies Act, and other claims related to Toys R Us' gift card program.

23. In *Moyle v. Liberty Mutual*, furthermore, we helped successfully obtain an order certifying a class, under ERISA, of over 1100 retirement benefit plan participants seeking, collectively, tens of millions of dollars in damages and equitable relief.

24. I have given seminars on how to depose expert witnesses, and expert witness law in California, as well as seminars on trial techniques. I have been selected for inclusion in *SuperLawyers* magazine as one of the top attorneys in San Diego for 2008-2014. In 2009, *The San Diego Daily Transcript* identified me as one of the top 25 corporate litigators in San Diego County. I served on the Executive Board of Directors of the William Enright Chapter of the American Inns of Court. I was an Associate with the Louis Welsh Chapter of the American Inns of Court in 2001. I was also a former President and a member of the Board of Directors of the State Bar of California Young Lawyers Division.

25. Finally, courts have approved similar or even higher rates for us in other class or collective actions. By "higher rates," I mean even higher than our billed rates for this case listed in paragraph 9 above, to say nothing of the discounted blended rate we are now actually requesting. For example, in July of 2014, the United States District Court for the Southern District of Florida, in a Fair Labor Standards Act collective action we were prosecuting and had settled, approved a rate of $550 for me (compared to $500 I billed at in this case), $400 for attorney Alex Tomasevic (compared to $350 here), and $350 for associate

6
DECLARATION OF CRAIG M. NICHOLAS

11cv2617 JAH BLM

attorneys (same originally billed here). *See Davis v. Social Security Service Coordinators, Inc. et al.,* Case No. 1:13-CV-22997 (S.D. Fla.)

26. I have observed plaintiff Carrie Turnette participating substantially and vigorously in this case. During the course of this litigation, Mrs. Turnette has responded to written discovery, sat for deposition, conferred with Class Counsel numerous times, and provided information and documents, when necessary. I believe she is worthy of the $2500 class representative incentive award requested.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of February 2015, at San Diego, California.

                                                                              s/ Craig M. Nicholas
Craig M. Nicholas